**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State,                                    Respondent,

v.

Marshall Heath Collins,              Appellant.

———————

Appeal From Pickens County
G. Edward Welmaker, Circuit Court Judge

———————

Unpublished Opinion No. 2012-UP-356
Submitted May 1, 2012 – Filed June 13, 2012

———————

**AFFIRMED**

———————

Assistant Appellant Defender Dayne C. Phillips, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Senior Assistant Attorney General Harold M.

Coombs, Jr., all of Columbia; and Solicitor W. Walter Wilkins, III, of Greenville, for Respondent.

**PER CURIAM:** Marshall Heath Collins appeals his convictions of trafficking more than ten grams of methamphetamine and possession of a weapon during the commission of a violent crime, arguing the trial court erred in (1) refusing to suppress the items seized from his backpack after a traffic stop and (2) refusing to suppress the handgun seized from his backpack when police did not perform a plain feel test first. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to whether the trial court erred in refusing to suppress the items seized from the backpack: State v. Dunbar, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) ("A party may not argue one ground at trial and an alternate ground on appeal.").

2.      As to whether the trial court erred in refusing to suppress the handgun: State v. Forrester, 343 S.C. 637, 642, 541 S.E.2d 837, 840 (2001) ("[M]aking a motion in limine to exclude evidence at the beginning of trial does not preserve an issue for review because a motion in limine is not a final determination. The moving party, therefore, must make a contemporaneous objection when the evidence is introduced."). Even if the issue were preserved, we would affirm. See State v. Moultrie, 316 S.C. 547, 551, 451 S.E.2d 34, 37 (Ct. App. 1994) ("A warrantless search that precedes a formal arrest is nonetheless valid if the arrest quickly follows." (footnote omitted)).

**AFFIRMED.**

**PIEPER, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.